UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ra dais deapocalypse bey,<br><br>Plaintiff,<br><br>v.<br><br>SPRINGFIELD DISTRICT COURT, et al.,<br><br>Defendants. | Civil Action No. 24-30083-MGM |

MEMORANDUM AND ORDER REGARDING
REPORT AND RECOMMENDATION OF DISMISSAL
(Dkt. No. 19)
June 2, 2025

MASTROIANNI, U.S.D.J.

On July 1, 2024, Plaintiff, ra dais deapocalypse bey, filed his complaint and a motion to proceed *in forma pauperis*. (Dkt. Nos. 1, 2.) In his complaint he alleged the Springfield Police Department, eight of its officers, and the Hampden County Correctional Center violated his constitutional rights in connection with an allegedly unlawful arrest. The case was randomly assigned to United States Magistrate Judge Katherine Robertson and, on August 19, 2024, she denied his motion for leave to proceed *in forma pauperis*. Plaintiff filed a renewed motion for leave to proceed *in forma pauperis* on September 13, 2024. Judge Robertson granted the renewed motion on February 14, 2025. In the same order, Judge Robertson identified certain deficiencies in Plaintiff's complaint and granted him thirty-five days to file an amended complaint curing the deficiencies. On February 17, 2025, the Springfield Police Department filed a motion to dismiss the deficient complaint. Plaintiff filed his amended complaint on March 3, 2024. Judge Robertson reviewed the Amended Complaint and, on May 13, 2025, she directed the case be reassigned because the parties have not consented to

her jurisdiction. *See* 28 U.S.C. § 636(c). She also recommended the receiving judge dismiss the case for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 636(b)(1)(A).

As Judge Robertson explained in her Order for Reassignment and Recommendation of Dismissal ("R&R"), because Plaintiff is proceeding *in forma pauperis*, his complaint is subject to screening. Pursuant to 28 U.S.C. § 1915(e), the complaint must be dismissed if it "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). After reviewing the factual allegations, Judge Robertson recommended the Complaint and Amended Complaint be dismissed because Plaintiff "relied on theories of liability that failed as a matter of law" and, therefore, has failed to state a claim on which relief may be granted. (R&R, Dkt. No. 19, 3.) The R&R informed Plaintiff that he had fourteen days from service of the R&R to file written objections. A copy of the R&R was mailed to Plaintiff on May 13, 2025. As of the date of this order, Plaintiff has not filed any objections to the R&R.[1]

The court has reviewed the R&R, as well as the Complaint and Amended Complaint. The Court agrees with Judge Robertson's analysis regarding the deficiencies in the Complaint and failure of the Amended Complaint to remedy those deficiencies. For these reasons, and in the absence of any objections, the court hereby ADOPTS Judge Robertson's R&R (Dkt. No. 19) accordingly, this case is DISMISSED, with prejudice for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B)(2)(ii). The Springfield Police Department's Motion to Dismiss is found moot and this case may now be closed.

It is So Ordered.

    /s/ Mark G. Mastroianni    
MARK G. MASTROIANNI
United States District Judge

---

[1] Service of the R&R was complete when the R&R was mailed to Plaintiff. Fed. R. Civ. P. 5(b)(2)(C). Because service was made by mail, three additional days were added to the fourteen-day period for filing objections and Plaintiff's objections were due on May 30, 2025. Fed. R. Civ. P. 6(d).